IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAMPOIRE ORANGE, | : | Civil No. 1:22-CV-01019 |
| Plaintiff, | : | |
| v. | : | |
| R. KEEN, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion to amend the complaint filed by Shampoire Orange ("Plaintiff"). (Doc. 93). In the motion to amend, Plaintiff is attempting to revive his negligence claims against the United States under the guise that he filed a "pro se negligence" claim instead of a "per se negligence" claim. (Doc. 94.) Since the court has already dismissed this claim without prejudice, the court will deny Plaintiff's motion.

### BACKGROUND AND PROCEDURAL HISTORY

Shampoire Orange ("Plaintiff") filed a complaint in the above-captioned action in June of 2022. (Doc. 1.) The June 2022 complaint raised a *Bivens* action against ten defendants stemming from an attack of Plaintiff by a cellmate in December of 2021. *Id.*

On March 6, 2023, the court received and docketed a complaint in a separate action bringing claims under the Federal Tort Claims Act ("FTCA") against the

1

United States of America and four additional defendants for the same December of 2021 cellmate attack. *Orange v. United States*, No. 1:23-CV-00393, Doc. 1 (M.D.Pa). Plaintiff amended the complaint in this second action on December 4, 2023, with the United States as the sole defendant. *Id*. at Doc. 29. This complaint included a "negligence pro se" claim that the court construed as a negligence per se claim. *Id*. at Doc. 41. The court consolidated the FTCA case and the above-captioned action on August 26, 2024. (Doc. 57.) In that same order, the dismissed all FTCA claims against the United States except those that arose from the alleged assault and battery of Plaintiff by prison staff. (*Id*.) This dismissal was with prejudice. (*Id*.) Therefore, Plaintiff's negligence claim was dismissed without prejudice.

On July 1, 2025, Plaintiff filed the instant motion seeking to amend his complaint. (Doc. 93.) In his brief in support, Plaintiff alleges that he "made a mistake in his [first] amended complaint by putting negligence per se claim for his [first] claim against the United States. Because this what plaintiff me[a]nt to put down as his [first] claim." (Doc. 94.) The court will now address Plaintiff's motion.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(1) permits amendment of a pleading as a matter of course.

> A party may amend its pleading once as a matter of course within:
>
> 21 days after serving it, or
>
> if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff is seeking leave of the court to amend his complaint to fix his mistake of raising a negligence pro se claim instead of a negligence per se claim. (Docs. 93, 94.) As set forth above, the court liberally construed Plaintiff's first amended complaint as raising a negligence per se claim and dismissed it with prejudice. Therefore, his motion will be denied.

## CONCLUSION

For the reasons discussed above, the court will deny Plaintiff's motion to amend the complaint. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: July 25, 2025

3